IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SCHILLING FOODS, LLC**                                                                    **PLAINTIFF**

VS.                                                                        CASE NO. 1:17-cv-00201-MPM-DAS

**FIRST DATA CORPORATION;**
**FIRST DATA MERCHANT SERVICES**
**LLC; CITICORP PAYMENT SERVICES,**
**INC.; and ABC CORPORATIONS 1-10**                                                     **DEFENDANTS**


## ORDER

Defendants have filed a motion to transfer venue, in which they rely upon a forum selection clause in the contract between plaintiff and defendant Citicorp Payment Services, Inc. ("CPSI") which provides for venue in "a state or federal court of competent subject matter jurisdiction in Shelby County, Tennessee." In its response to defendant's motion, plaintiff Schilling Foods, LLC ("Schilling") refused to admit that it had agreed to the alleged contract between itself and CPSI, noting that defendant had merely submitted a blank copy of the contract in support of its motion to transfer. In its reply brief, however, CPSI duly submitted the actual contract between itself and plaintiff, which was, in fact, signed by Don V. Schilling in his capacity as president of Schilling Foods, LLC. Plaintiff has submitted no arguments or proof casting doubt upon the authenticity of this document, and it therefore seems highly likely that plaintiff did, in fact, agree to litigate its dispute against CPSI in "a state or federal court of competent subject matter jurisdiction in Shelby County, Tennessee."

However, this court notes that, in its response to the motion to transfer venue, plaintiff wrote that "in the event that a signed agreement is produced during the pendency of the Motion, Plaintiff requests the Court allow it to respond further to the Defendants' Motion." [Plaintiff's

1

brief at 3]. While it would have been preferable for plaintiff to file an actual motion for leave to file a sur-rebuttal brief, this court will grant plaintiff's request and give it an opportunity to file a sur-rebuttal brief to defendant's motion to transfer venue.

This court notes, however, that a proposed amended complaint which plaintiff has recently sought leave to file appears to cast doubt upon some of its arguments in opposition to transfer. This proposed amended complaint provides in pertinent part that:

> Schilling Foods executed a contract (hereinafter the "Merchant Agreement") with CPSI and CTS to retain their services. The Merchant Agreement has previously been made a part of the record. [See ECF 23-1]. These Defendants, along with their affiliates, FDC and FDMS, provided Schilling Foods with an electronic settlement program, whereby they would collect the receivable credit card, debit card, and EBT/ Food Stamps funds of Save-A-Lot stores owned by Schilling Foods and deposit settlement payments into the stores' bank accounts.

[Proposed amended complaint at 1-2, located at docket entry 30]. In its response in opposition to the motion to transfer venue, plaintiff argued that, even assuming that it executed a forum selection clause with defendant CPSI, the other defendants are not sufficiently related to CPSI to allow them to enforce the terms of that clause. However, the above-quoted portion of plaintiff's proposed amended complaint, which described FDC and FDMS as "affiliates" of the other defendants, appears to cast doubt upon this argument. Indeed, in its brief, plaintiff wrote that defendant had offered "no evidence . . . to support its bare assertion that FDMS is an affiliate to CTS Holdings, LLC," [plaintiff's brief at 3], but it now seems to agree that defendants are, in fact, closely-related affiliates of one another.

In light of the foregoing, this court must wonder whether plaintiff has any good faith argument in opposition to transfer, and it frankly seems highly likely that this case will, in fact, be transferred to the Western District of Tennessee. Nevertheless, out of an abundance of caution, this court will grant plaintiff the opportunity it requested to further brief this issue.

Having said that, this court recommends that plaintiff consider simply agreeing to litigate this matter in the Western District of Tennessee, which hardly represents a distant or onerous forum, and which does appear to be the forum agreed to by the parties in this case.

It is therefore ordered that plaintiff has ten (10) days from the date of this order to file any sur-rebuttal brief to defendant's motion to transfer venue. Any such brief should be within the proper scope of sur-rebuttal briefing, and it should not involve responses to legal arguments made in defendant's original briefing which plaintiff could have, but chose not to, raise in its initial response to the motion to transfer venue.

So ordered, this the 18th day of April, 2018.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**